Security Bank & Trust Co. of Memphis, Tenn.
v. Todd.

[79 South. 560, Division A.]

Banks and Banking. *Expense of collecting collateral.*
　Where the indebtedness of a bank to a trust company was evidenced by a promissory note and open account secured by notes deposited as collateral security in the adjustment of the accounts between them, the receiver of the bank was entitled only to the net amount of the sums realized on the collection of the collaterals after deducting the necessary expenses for collecting the same.

Appeal from the chancery court of Bolivar county. Hon. Joe May, Chancellor.

Controversy between the Security Bank & Trust Company of Memphis Tennessee, and H. D. Todd, Receiver. From a decree for the latter, the former appeals.

The First State Bank of Shaw, Miss., was indebted to the Security Bank & Trust Company of Memphis, Tenn., for a large sum of money. Of this indebtedness ten thousand dollars was evidenced by a promissory note, and the balance was an open account., This note contained on its face the provision that:

"As security for the payment of this and all other liabilities said company now holds or may hereafter hold against the undersigned as principal, indorser, or otherwise, collaterals have been deposited with and pledged to said company, as follows: Sundry notes aggregating twelve thousand, six hundred fifty-one dollars and sixty-five cents."

At the time of the execution of this note, the collateral notes referred to were deposited by the First State Bank of Shaw with the Security Bank & Trust Company. While these collateral notes were thus in

possession of the Security Bank & Trust Company, that company attempted to collect them and did collect approximately one thousand, eight hundred dollars on those collateral notes, and in collecting those collateral notes it incurred expenses and attorneys' fees amounting to three hundred, fifty-four dollars and twenty-two cents.

This controversy between the Security Bank & Trust Company, on the one part, and H. D. Todd, receiver of the First State Bank of Shaw, on the other, the latter concern having failed in business and its affairs being now controlled by this receiver, involves, among other things, a dispute as to the proper application of the proceeds of those collateral notes. The lower court held that in the adjustment of accounts the First State Bank of Shaw should receive credit on its indebtedness to the Security Bank & Trust Company, for the full amount of the one thousand eight hundred dollars realized on those collateral notes without any deduction for expenses and attorneys' fees incurred by the Security Bank & Trust Company in the collection of those collateral notes.

*A. W. Shands* and *G. G. Lyell,* for appellant.

*Owen & Roberts,* for appellee.

PER CURIAM.

Upon a reconsideration of the matter, we are of the opinion that the court below should have allowed appellant credit for the expenses necessarily incurred by it in collecting the several collateral notes amounting to the sum of three hundred fifty-four dollars and twenty-two cents, so that to that extent the suggestion of error will be sustained, the judgment heretofore rendered will be set aside, and the decree of the lower court modified accordingly·

*Sustained in part.*